ANN BIRMINGHAM SCHEEL
Acting United States Attorney
JONATHAN B. GRANOFF
Assistant United States Attorney
Evo A. DeConcini Federal Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Dino Sisneros,<br>Melissa Sisneros,<br>Michael Quiroz,<br>Chad Ayers,<br>Catherine Tarin,<br>Theresa Coyne,<br>Timothy Coyne,<br><br>Defendants. | CR 11-794-TUC-RCC (CRP)<br><br>GOVERNMENT'S MOTION FOR ORDER ALLOWING LIMITED DISCLOSURE OF TAX RETURN INFORMATION AND FOR PROTECTIVE ORDER<br><br>(26 U.S.C. § 6103; Fed. R. Crim. P. 16) |

The United States of America, by and through ANN BIRMINGHAM SCHEEL, Acting United States Attorney, and JONATHAN B. GRANOFF, Assistant United States Attorney, respectfully moves the Court for an Order allowing the Government to make limited disclosure of tax returns and return information pursuant to 26 U.S.C. § 6103(i)(4)(A) and Fed. R. Crim. P. 16(a) and (c); and for a protective order to restrict the copying, dissemination, and use of such information to the instant prosecution pursuant to Fed. R. Crim. P. 16(d)(1). At least one of the defendants' attorneys object to this motion.

As grounds for this motion, the government states as follows:

1.  On March 3, 2011, a Federal Grand Jury in the District of Arizona returned an Indictment charging the defendants with violations of Title 18 United States Code, Sections

1  1343 and 1349 with Conspiracy to Commit Wire Fraud and Wire Fraud.  Defendants, Dino and Melissa Sisneros, Michael Quiroz and Chad Ayers were also charged with Conspiracy to Commit Transactional Money Laundering in violation of 18 U.S.C. Section 1956(h). Defendants, Dino and Melissa Sisneros were also charged with Aggravated Identify Theft in violation of 18 U.S.C. Section 1028(A).

2.      Title 26, United States Code, Section 6103 generally prohibits, with certain exceptions, the disclosure of "any return or return information."  26 U.S.C. § 6103(a).

3.      Title 26, United States Code, Section 6103(b)(1) and (b)(2) define "return" and "return information" broadly to include, *inter alia*, all tax and information returns filed with the Internal Revenue Service and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Internal Revenue Service.

4.      Title 26, United States Code, Section 6103(b)(3) defines "taxpayer return information" as "return information" which is filed with or furnished to the Internal Revenue Service by or on behalf of the taxpayer to whom the return information relates.

5.      Tax payer returns and return information may be disclosed in a federal judicial proceeding pertaining to the enforcement of a specifically designated Federal criminal statute: if the court finds that the tax return information is probative of a matter in issue relevant in establishing the commission of a crime or guilt of a party, -or- to the extent required by an order of a court pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such an order "to give due consideration to congressional policy favoring the confidentiality of returns and return information . . . ." *See* 26 U.S.C. § 6103(i)(4)(A) and (D).

6.      Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government, upon request, to provide defendant access to, and permission to copy, papers, documents, and data that is within the government's possession, custody, or control if (1) the item is material to

the preparation of the defense; (2) the government intends to use the item in its case-in-chief; or (3) the item was obtained from or belongs to the defendant.

7. Federal Rule of Criminal Procedure 16(c) establishes a continuing duty to disclose evidence that is subject to discovery pursuant to Rule 16..

8. The United States acknowledges that pursuant to Rule 16(a), it will be required to provide the defense with access to tax return information within the government's possession, custody, and control, which returns and return information may be material to the preparation of the defense or intended for use in the government's case-in-chief.

9. The United States acknowledges its continuing duty pursuant to Federal Rule of Criminal Procedure 16(c) to disclose to the defense evidence that is discoverable pursuant to Rule 16, and further acknowledges the possibility that additional return and return information may be obtained prior to or during trial that is discoverable pursuant to Rule 16 and relevant to this prosecution.

10. Federal Rule of Criminal Procedure 16(d)(1) affords the Court the authority to make appropriate orders with respect to any and all discovery and inspection of documents and tangible objects.

11. A protective order is necessary to permit the government to fulfill its discovery obligations while giving due regard to the congressional policy favoring the confidentiality of return and return information.

13. WHEREFORE the United States respectfully requests that the Court issue an Order, which provides that:

A. The United States may disclose to defense counsel and the defendants return and return information, in accordance with its discovery obligations pursuant to Federal Rule of Criminal Procedure 16.

B. The United States may disclose to defense counsel and the defendants additional return or return information subject to its continuing duty of disclosure pursuant to Federal Rule of Criminal Procedure 16(c) without making separate application to the Court.

C.	Defense counsel shall maintain the returns and return information provided by the United States in the defense counsel's custody and may disclose the contents of return and return information only to the defendant and defense counsel's investigator (who consents to the jurisdiction and Order of this Court).  Defense counsel shall not reproduce or disseminate any return or return information without further order of the Court.

D.	With respect to any discovery provided by the government in this case, said discovery is for use in the defense of this criminal case only and shall be returned to the government upon demand for destruction after the completion of the proceedings.

E.	Nothing in the Court's order requires the government to provide discovery beyond what is required by Rule 16, Federal Rules of Criminal Procedure and the Court's discovery orders and production schedule.

F.	The Government further requests that the defendant and defense counsel file an acknowledgment of this Order within 10 days of the date of this Order.

Respectfully submitted this <u>12th</u> day of January, 2012.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney


/s/  *Jonathan B. Granoff*
JONATHAN B. GRANOFF
Assistant United States Attorney

I hereby certify that a copy of this motion has been provided to defense counsel in this matter by electronic means this <u>12th</u> day of January, 2012.