JOHN S. LEONARDO
United States Attorney
District of Arizona
JONATHAN B. GRANOFF
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Jonathan.Granoff@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Dino Sisneros<br>Melissa Sisneros<br>Michael Quiroz<br>Catherine Tarin<br>Timothy Coyne<br><br>Defendant. | CR 11-0794-TUC-RCC<br><br><br>NOTICE OF INTENT TO OFFER EXPERT TESTIMONY |

The United States of America, by and through its attorneys, JOHN S. LEONARDO, United States Attorney for the District of Arizona, and Jonathan B. Granoff, Assistant United States Attorney, hereby gives notice of its intent to offer expert testimony under Federal Rule of Evidence 702.

The United States may offer the expert testimony of Richard Koevary, President of Blue Sky Mortgage, Inc. and instructor at the Hogan School of Real Estate, Inc. Mr. Koevary has been in the mortgage industry for approximately twenty years. During that time, he has established a background and experience concerning the lending practices and loan origination. His testimony will be based on his background, training and his many years of experience in the industry. A copy of his curriculum vitae will be provided to the defense in discovery.

Mr. Koevary's testimony is expected to include relevant information regarding a uniform residential loan application ("1003") used by a borrower to secure a residential mortgage. He

may testify about the importance of the information, contained in the 1003, to a lender about a potential borrower. Some of the information Mr. Koevary may address are how a borrowers' assets, income and liabilities are a measure of the ability and willingness to repay a loan.

He will further discuss the importance to the lending decision of knowing whether a potential borrower will be purchasing a property as a primary residence. Mr. Koevary may also address various other issues that could influence or be important to the lending decisions including but not limited to: falsely inflated income, falsification of employment, fraudulent lease agreements; phony verification of deposits; straw buyer schemes (including arms-length transactions); the source of the down payment or cash to close a transaction; include lending standards used to evaluate home loans in the loan application process. These standards also include an evaluation of the property proposed as collateral, the intended use of the property, the borrower's credit picture, the borrower's income, assets, and liabilities.

Mr. Koevary may also discuss HUD-1 Settlement closing statements and the importance of accurately reflecting all the disbursements on the transaction on this document. Mr. Koevary may also discuss the topic of "straw buyers" or "straw buyer" schemes and the importance and significance to the lending decision about whether the failure to disclose cash to the straw buyer received outside of closing is something that could influence the lending decision. He may also discuss that the concealment of cash to the borrower outside of closing could be interpreted as fraudulently inflating the true sales price of the property. Mr. Koevary may also discuss the significance to the lending decision of "kickbacks" or cash provided to the mortgage loan officer outside of closing and not disclosed to the lender.

Mr. Koevary may also discuss how a potential borrower's credit picture is used to assess whether or not the borrower can repay the loan. He will discuss the significance of obtaining a credit report. He will also discuss what liabilities a borrower might have that might not be reflected on their credit report. He may also discuss the significance of a borrower obtaining simultaneous closings of different properties during approximately the same time frame through different lenders. Mr. Koevery may also discuss that the failure of the borrower's loan application to reveal such purchase and separate mortgage is something that could influence the

1  lender's decision to fund the loan. Mr. Koevary will discuss the importance of questions on the
2  loan application detailing whether the borrowers have other liabilities that will increase the
3  borrower's debt to income ration.  This could prompt the lender to ask the question of whether
4  the borrower had rental income on any investment properties to offset their liabilities.

5  Mr. Koevary will further discuss the importance of a potential borrower's income source.
6  This includes how long the borrower has been employed at their job, how long the borrower has
7  been earning their current income, and whether their job and income level are likely to continue
8  into the future.  He may also discuss the industry standard for time on a given job or in a
9  profession.

10 Mr. Koevary will further discuss that even on stated income loans, the assets that a
11 borrower has available does not preclude the need to demonstrate that the borrower has income.
12 The borrower still needs to have a satisfactory ratio of income to debt to make the proposed
13 mortgage payments.  Mr. Koevary may also discuss that even on "stated" income loans, the
14 borrower is still required to accurately reflect his or her income on the loan application.

15  Mr. Koevary may also discuss why it is important to know whether a down payment or
16 cash to close is borrowed or the source of the funds. This gives the lender an idea of whether the
17 borrower has an additional obligation that would not be reflected on a credit report.  Mr. Koevary
18 may also discuss the role gifts play in evaluating a loan application and explain the use of gift
19 letters.

20 The forgoing is a general outline of Mr. Koevary's expected testimony.  Mr. Koevary
21 may review any of the lender files, loan applications or other documents submitted for the
22 subject properties before providing testimony at trial. Lastly, Mr. Koevary may discuss the
23 distinction between a loan officer, mortgage broker and an underwriter.

24 The defendants are charged with various criminal charges related to a mortgage fraud
25 scheme.  In order to convict the defendants of the charges of wire fraud, the United States must
26 prove that the defendants intentionally and willfully participated in a scheme to defraud various
27 lenders.  The government must also prove that the statements made or facts omitted as part of the
28 scheme were material.  In order to demonstrate the materiality element, the government must

prove that the statements or facts omitted as part of the scheme "had a natural tendency to influence, or were capable of influencing, a person to part with money or property." *See* Ninth Circuit Model Jury Instruction 8.121 (Mail Fraud). This definition of materiality is equally applicable to the wire fraud charges against the defendants. *See* Ninth Circuit Model Jury Instruction 8.124 (Wire Fraud). Expert testimony is admissible if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. The rule "dictates a commonsense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." *United States v.* McDonald, 933 F.2d 1519, 1522 (10th Cir. 1991); *see also United States v. Muldrow,* 19 F.3d 1332, 1338 (10th Cir. 1994).

In this case, Mr. Koevary can assist the jury in determining what information misrepresented or concealed from the lender is "material." Here, at least some of the jurors may be unlikely familiar with the significance of various aspects of information contained in the standard loan applications or other information provided to the lender that could influence the lending decisions. Accordingly, the Government may call the above-noticed expert at trial.

RESPECTUFLLY submitted this 9th day of October, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*/s/ Jonathan B. Granoff*
JONATHAN B. GRANOFF
Assistant U.S. Attorney

I hereby certify a copy of the foregoing
was provided to counsel electronically
this 9th day of October, 2013:

Attorneys for each of the defendants including:
Chris Kimminau, Esq.
Jeffrey Bartolino, Esq.
Thomas Fink, Esq.
Dan Cooper, Esq.
Roberto Montiel, Esq.