**Thomas L. Fink, Esq.**
**LAW OFFICE OF THOMAS L. FINK**
825 N. Grand Avenue, Suite #200
Nogales, Arizona 85621
(520) 281-1338
(520) 287-5201 (FAX)
State Bar No: 012705
Attorney for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-11-0794-TUC-RCC (CRP) |
| Plaintiff, | DEFENDANT'S MOTION FOR ORDER REQUIRING THE GOVERNMENT TO PRODUCE WITNESSES FOR HEARING ON ADMISSIBILITY OF F.R.E. 902(11) CERTIFICATIONS |
| v. | |
| MICHAEL QUIROZ, | |
| Defendant. | |

It is not expected that excludable delay under Title 18, United Stated Code Section 3161 will occur as a result of this motion or of an order based thereon.

Defendant, MICHAEL QUIROZ previously moved, pursuant to Rule 902(11) of the Federal Rules of Evidence, for an order requiring the government to disclose in advance of trial any certifications to be offered at trial as a basis for admission of records of regularly conducted activity under Rule 803(6) of the same rules.

The government subsequently disclosed fifty-eight (58) witnesses who have provided certifications for business records (Docket #s 454 and 490).

Rule 902 (11) of the Federal Rules of Evidence provides that a party may offer the foundational testimony for the hearsay exception through certifications by a custodian or by another qualified person. Rule 902(11) further provides that "Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record -- and must make the record and certification available for inspection -- so that the party has a fair

opportunity to challenge them." Pursuant to Rule 902(11), the defendant has moved to challenge the certifications.

The court set a hearing on this issue for January 27, 2014. In anticipation of the hearing, undersigned counsel called AUSA Granoff to inquire if he intended to have the certification witnesses present at the hearing so that they could be questioned as to their qualifications to certify the records under Rule 803(6). AUSA Granoff stated that he had not intended to do so.

The defendant thus moves for an order directing the government to produce the witnesses who have certified the records for the evidentiary hearing. The presence of the witnesses is necessary so that the witnesses can be cross-examined as to their qualifications to provide the requisite testimony/certification as to the foundational requirements of Rule 803(6) of the Federal Rules of Evidence. This is the method by which the defense may challenge the certifications.[1]

**RESPECTFULLY SUBMITTED** this 23rd day of January 2014.

LAW OFFICE OF THOMAS L. FINK

_s/ Thomas L. Fink_
Thomas L. Fink, Esq.
Attorney for Defendant

Original of the foregoing mailed/delivered
this 23rd day of January, 2014 to:

**Clerk of the United States District Court**

Copies of the foregoing mailed/delivered to:

**Honorable Raner C. Collins**
United States District Court Judge

---

[1] The defense does not request the presence of certification witnesses who have certified *only* those records of the institution which currently employs the witness.

**Honorable Charles Pyle**
United States Magistrate Judge

**Jonathan Granoff, Esq.**
Assistant United States Attorney