JOHN S. LEONARDO
United States Attorney
District of Arizona
JONATHAN B. GRANOFF
LORI L. PRICE
State Bar No. 025698
Assistant U.S. Attorneys
United States Courthouse
405 West Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: lori.price@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 11-794-TUC-RCC |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION *IN LIMINE* FOR PRETRIAL RULING CONCERNING ADMISSIBILITY OF SUMMARY CHART PURSUANT TO EVIDENCE RULE 1006 |
| Michael Quiroz, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, files this Motion *In Limine* for a pretrial ruling on the admissibility of summary charts as substantive evidence. The summary charts are based on bank records, loan file records and escrow files. In support thereof, the following is stated:

I.   BRIEF RECITATION OF FACTS

The defendant is charged with a number of crimes, including conspiracy to commit both wire fraud and money laundering, all related to his participation in a cash back mortgage fraud scheme. The scheme involved multiple properties over a period of years. The defendant was the mortgage broker for many of the mortgage loan transactions involved in this scheme. He also recruited straw buyers who were used to obtain fraudulent loans for properties. He was an integral part of the fraudulent scheme in which the co-conspirators provided fraudulent information on loan documents to induce the lenders to

fund mortgage loans. The purpose of the scheme was to obtain cash back at the closings of the mortgage loan transactions.

As proof of the defendant's intent to defraud and of his participation in the conspiracy, evidence from the loan files, escrow records, and bank records of the defendants will be introduced at trial. The loan files, escrow records, and bank records are necessary to show the fraudulent mortgage loan transactions and the transfer of money to the defendants and among the defendants. The records needed to follow the fraudulently obtained money are numerous and constitute voluminous records. Therefore, summary charts of the mortgage loan transactions for each property are needed to provide a coherent explanation for these otherwise admissible records.

The government intends to offer the summary charts as substantive evidence to allow the jury to understand how the fraudulent loan mortgages were obtained and to whom the fraudulently obtained proceeds from escrow were disbursed. Such evidence is necessary to assist in proving the defendant's intent to defraud beyond a reasonable doubt. Further, the summary charts are relevant to trace the fraudulently obtained proceeds because the defendant is charged with conspiracy to commit money laundering.

The government previously disclosed draft summary charts to the defense on May 15, 2014. (Government's Disclosure pp. 67609-67620, 67626-67630, 67638-67645, 67652-67653, 67658-67662).[1] The government disclosed the charts again to defense counsel on August 1, 2016 and included the Bates stamp numbers for each piece of information on the charts. (Government's Disclosure pp. 69466-69500, 69508-69512). The records upon which the summary charts are based have also previously been provided to the defense in discovery. A copy of the government's summary charts will also be provided to the court *in camera.*

//

---

[1] Draft summary charts have been produced to the defense. These charts may be modified prior to trial. The defense will be provided with the final chart within a reasonable time prior to trial.

## II. THE LAW

Rule 1006 allows the use of a summary chart as substantive evidence to prove the content of voluminous records. *See* Fed. R. Evid. 1006. The use of summary charts in this matter is proper because the voluminous records "cannot be conveniently examined in court[]" by the jury or the court. *Id.* "The purpose of the rule is to allow the use of summaries when the documents are unmanageable or when the summaries would be useful to the judge and jury." *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (other citations omitted).

> A proponent of summary evidence must establish the underlying materials upon which the summary is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection. *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996). These materials must be admissible, but need not themselves be admitted into evidence. *United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988). The availability requirement ensures that the opposing party has 'an opportunity to verify the reliability and accuracy of the summary prior to trial.' *Paddack v. Dave Christiansen, Inc.*, 745 F.2d 1254, 1261 (9th Cir. 1984).

*Id.*

## III. THE SUMMARY CHARTS ARE ADMISSIBLE

The summary charts are properly admissible under Rule 1006. They are substantive evidence derived from the voluminous mortgage, escrow, and bank records of the multiple mortgage loan transactions involved in this case. The voluminous records, without the summary charts, would be difficult for the jury to review. The government provided the defendant with the summary charts, which show the money flow from the fraudulently obtained proceeds. The flow of the fraudulently obtained proceeds summarized on charts is useful to the jury when determining whether the defendant engage in conspiracy to commit money laundering. The government also provided the defendant with the underlying documents upon which the draft summary charts are based.

Although the government may introduce the voluminous records that support the summary charts, it is not required to do so by the rule. Rather, the government seeks to introduce the charts to prove the content of these voluminous records. To satisfy the

requirements of the rule, the underlying documents for each summary chart should be independently admissible into evidence. The records that support the government's summary charts in this matter qualify as business records that meet the requirements for admission under Rule 803(6). Patricia Davidson, a financial crimes auditor working for the Department of Justice-United States Attorney's Office in the District of Arizona, reviewed the underlying records that form the basis of the charts and provided the Bates stamp numbers at which the underlying documents are located. She will testify as the summary witness about the charts. A copy of Ms. Davidson's curriculum vitae has been provided to the defense. (Disclosure, pp. 69501-69507). The government will have a copy of the underlying records available at trial, and may also introduce such documents into evidence during the trial.

For the foregoing reasons, the government requests a pretrial ruling concerning the admissibility of the summary charts that it intends to introduce as substantive evidence during the trial.

Respectfully submitted this 2nd day of August, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*/s/ Lori L. Price*
LORI L. PRICE
JONATHAN B. GRANOFF
Assistant U.S. Attorneys

Copy of the foregoing served
electronically or by other means,
this 2nd day of August, 2016 to:

Elias Damianakos, Esq.
Attorney for defendant