**DAMIANAKOS LAW FIRM, PLLC**
*ATTORNEYS & COUNSELORS AT LAW*
177 N. Church Ave., Suite 605
Tucson, Arizona 85701
Tel: (520) 222-8270
Fax: (520) 222-8274
Elias Damianakos, Esq.
Email: elias@damianakoslaw.com
State Bar No. 022850
Pima Attorney No. 66047

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR11-00794 TUC RCC (DTF) |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S AMENDED NOTICE OF INTENT TO USE EXPERT TESTIMONY** |
| MICHAEL QUIROZ, | ) | |
| Defendant. | ) | Hon. Raner Collins |
| | ) | |

COMES NOW, the Defendant, MICHAEL QUIROZ through counsel, pursuant to Fed. R. Crim. P. 16(b)(1)(C), and submits his Amended Notice of Intent To Use Expert Testimony. This notice serves to amend Defendant's previously filed Notice of Intent to Use Expert Testimony (Doc. 917), wherein the Defendant gave notice to the Government of his intent to use Steven Krystofiak as an expert witness at trial in this matter.

Steven Krystofiak is a mortgage broker who started his career in the mortgage lending business in 2002. He possesses superior knowledge, understanding, and competency in real estate finance. As a mortgage broker, he acts as an intermediary who brokers mortgage loans on behalf of individuals and assures compliance with banking and finance laws. Mr. Krystofiak founded the Mortgage Brokers Association for Responsible Lending in the spring of 2006. He has spoken on behalf of the Mortgage Broker's Association for Responsible Lending at California Senate hearings,

Federal Reserve board hearings, along with sponsoring and defending 3 bill proposals (AB 512, AB 628, AB 941) at Sacramento in the State Assembly and during their committee process. Mr. Krystofiak holds a Bachelor of Science in Real Estate from the finance department at San Diego State University. He also has been asked to be an expert witness in court trials involving the mortgage industry and real estate finance, and has been featured in the Washington Post, Wall Street Journal, New York Sun, Oakland Tribune, and contributed to articles in the news media including Money Magazine, Bloomberg news, the San Francisco Chronicle, the San Jose Mercury news, the San Diego Union Tribune and many others. A copy of Mr. Krystofiak's curriculum vitae is attached.

In this matter, Mr. Krystofiak has reviewed loan and financial documents provided by the Government. In summary, Mr. Krystofiak will offer, consistent with Federal Rule of Evidence 702, expert opinions and other testimony that will assist the jury to understand the evidence, as follows:

(1) stated income loans during the period of 2003 to 2007 are associated with fraud by mortgage loan borrowers, escrow officers, and appraisers;

(2) a true "cashback" mortgage fraud scheme did not exist in this case based on the presence or absence of indicators (e.g., seasoning of deposits, appraisal fraud, and monies actually invested into properties);

(3) the lending guidelines used by loan officers for the transactions in question were dictated by the secondary market;

(4) income is computed through a lenders own formula dependant on the particular loan program and can be calculated using what the borrower states, or an average income for a job title, or averages based on bank account deposits or tax returns;

(5) loan processors and underwriters routinely update and modify material terms on loan application such as income, assets, and liabilities, after the initial loan application is made;

(6) the various loan types and associated financial documents (e.g. stated income/asset, stated income/verified asset, verified income/verified asset, NINA (no income - no assets), NINJA, (no income – no job – no assets); "no doc" (no documentation), "low doc" (low documentation), loan applications, occupancy agreements, purchase contracts appraisals, and loan submission sheets);

(7) the common business practices and procedures of the mortgage loan industry (e.g. procedures, relationships, roles of, communications and interactions in the loan industry between the broker and the borrower, appraiser, processor, lender, title officer, escrow officer, account executive, loan officer, real estate agent, and underwriter, including their agents and staff).

(8) the widespread nature of real estate investing and "house flipping" during the period in question by both sophisticated and unsophisticated real estate investors;

(9) factors that could influence the lending decision for originating lenders (e.g. income, assets, credit score, employment).

Under Federal Rule of Evidence 702, an expert witness may testify in the form of an opinion or otherwise if such testimony will help the trier of fact to understand the evidence or to determine a fact in issue. In this case, the Government has alleged that the Defendant was one participant among several individuals who were part of a conspiracy to make false statements on mortgage loan applications for the purpose of defrauding lenders. The mortgage lending process involves many people with various roles in that process, as described above in paragraph 7. Those various roles, and the common practices and procedures of the mortgage industry are therefore important in order for the jury to understand the complex nature of the evidence and will ultimately assist them in determining a fact in issue – whether the Defendant committed or conspired to commit fraud with the other participants.

The bases of Mr. Krystofiak's opinions include his review of loan and financial documents provided by the Government, his experience as a mortgage broker and founder of the Mortgage Brokers Association for Responsible Lending, including data he has collected, his education, and his testimony before the Federal Reserve and State Senate hearings.

RESPECTFULLY SUBMITTED this 5th day of December, 2016.

DAMIANAKOS LAW FIRM, PLLC.

By: /s/ *ELIAS DAMIANAKOS*

Elias Damianakos
Attorney for Defendant

Copy delivered electronically this date to:
All ECF participants