JOHN S. LEONARDO
United States Attorney
District of Arizona
JONATHAN B. GRANOFF
LORI L. PRICE
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Email: jonathan.granoff@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR 11-794-TUC-RCC |
| vs. | **GOVERNMENT'S REQUESTED JURY INSTRUCTIONS AND PROPOSED VERDICT FORMS** |
| Michael Quiroz, | |
| Defendants | |

The United States of America, through undersigned counsel, respectfully submits the attached instructions to the Court and requests that the Court provide these instructions to the jury in the trial of the above-captioned matter.

RESPECTFULLY submitted this 4th day of January, 2017.

JOHN S. LEONARDO
United States Attorney
District of Arizona

/s/ *Jonathan B. Granoff*
JONATHAN B. GRANOFF
LORI PRICE
Assistant U.S. Attorneys

Copy of the foregoing served
Electronically or by other means,
this 4th day of January, 2017 to:
Elias Damianakos
Attorney for defendant

STANDARD INSTRUCTIONS

The government requests that the following standard instructions from the <u>Ninth Circuit Manual of Model Jury Instructions</u>, Criminal, 2010 ed., be read along with the accompanying Government's Requested Jury Instructions:

<u>Preliminary Instructions</u>:

    1.1    Duty of Jury

    1.2    The Charge - Presumption of Innocence

    1.3    What is Evidence

    1.4    What is Not Evidence

    1.5    Direct and Circumstantial Evidence

    1.6    Ruling on Objections

    1.7    Credibility of Witnesses

    1.8    Conduct of the Jury

    1.9    No Transcript Available to Jury

    1.10    Taking Notes

    1.11    Outline of Trial

<u>Instructions During the Course of Trial</u>:

    2.1    Cautionary Instruction, First Recess

    2.2    Bench Conferences and Recesses

    2.3    Stipulated Testimony (if applicable)

    2.10    Other Crimes, Wrongs or Acts of Defendant

<u>Instructions at the End of the Case</u>:

    3.1    Duties of Jury to Find Facts and Follow Law

    3.2    Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof

    3.3    Defendant's Decision Not to Testify (if applicable)

    3.4    Defendant's Decision to Testify (if applicable)

    3.5    Reasonable Doubt - Defined

3.6    What is Evidence

3.7    What is Not Evidence

3.8    Direct and Circumstantial Evidence

3.9    Credibility of Witnesses

3.10   Activities Not Charged

3.11   Separate Consideration of Multiple Counts – Single Defendant

3.16   Intent to Defraud - - Defined

3.20   On or about - defined

Consideration of Particular Evidence:

4.1    Statements by Defendant

4.3    Other Crimes, Wrongs or Acts of Defendant

4.9    Testimony of Witnesses, Involving Special Circumstances- - Immunity, Benefits, Accomplice, Plea

4.14   Opinion Evidence Expert Witness (if applicable)

4.15   Summaries Not Received in Evidence (if applicable)

4.16   Charts and Summaries in Evidence (if applicable)

Responsibility:

5.1    Aiding and Abetting

Jury Deliberations:

7.1    Duty to Deliberate

7.2    Consideration of Evidence-Conduct of the Jury

7.3    Use of Notes

7.4    Jury Consideration of Punishment

7.5    Verdict Form

7.6    Communication with Court

In addition to the above general standard instructions, the government requests that the Court provide the following instructions to the jury that specifically relate to the

present case:

Offenses Under Title 18

      8.124  Wire Fraud - Scheme to Defraud or Scheme To Obtain Money or Property

            By False Promises

      "Materiality" – special instruction under *United States v. Lindsey*, 827 F.3d 865

            (9th Cir. 2016).

      8.122  Scheme to Defraud – Vicarious Liability

      8.20 Conspiracy – Elements

      8.23 Conspiracy – Knowledge of and Association with Other Conspirators

      8.25 Conspiracy – Liability for Substantive Offense Committed by Co-Conspirator

            (*Pinkerton* Charge)

1

2

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 1

### Wire Fraud (18 U.S.C. § 1343)

3   The defendant is charged in Counts Six through Nine of the indictment with wire

4   fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the

5   defendant to be found guilty of that charge, the government must prove each of the

6   following elements beyond a reasonable doubt:

7   First, the defendant knowingly participated in, or devised, or intended to devise a

8   scheme or plan to defraud, or a scheme or plan for obtaining money or property by means

9   of false or fraudulent pretenses, representations or promises;

10   Second, the statements made or facts omitted as part of the scheme were material;

11   that is, they had the natural tendency to influence, or were capable of influencing, a person

12   to part with money or property;

13   Third, the defendant acted with the intent to defraud; that is, the intent to deceive or

14   cheat; and

15   Fourth, the defendant used, or caused to be used, a wire communication to carry out

16   or attempt to carry out an essential part of the scheme.

17   In determining whether a scheme to defraud exists, you may consider not only the

18   defendant's words or statements, but also the circumstances in which they were used as a

19   whole.

20   A wiring is caused when one knows that a wire will be used in the ordinary course

21   of business or when one can reasonably foresee such use.

22   It need not have been reasonably foreseeable to the defendant that the wire

23   communication would be interstate in nature. Rather, it must have been reasonably

24   foreseeable to the defendant that some wire communication would occur in furtherance of

25   the scheme, and an interstate wire communication must have actually occurred in

26   furtherance of the scheme.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 2

The government, under the second element of wire fraud, is required to prove beyond a reasonable doubt that statements made or facts omitted as part of the scheme were material.   The government does not have to prove that the lenders actually relied on the alleged misrepresentations to satisfy the element of materiality.

Additionally, whether the lender may have been negligent in verifying the information on the loan applications, or even if the lender might have intentionally disregarded such information is not a valid defense to the charges in this case.

AUTHORITY:  *United States v. Lindsey*, 827 F.3d 865 (9th Cir. 2016).

GIVEN:_____                    MODIFIED:_____

REFUSED:_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

### 8.122 Scheme To Defraud – Vicarious Liability

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

AUTHORITY: 9th Cir. Crim. Jury Instr. 8.122

GIVEN:_____                MODIFIED:_____

REFUSED:_____

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 4

### 8.20 Conspiracy – Elements

The defendant is charged in Count One of the indictment with Conspiracy to Commit Wire Fraud in violation of Section 1349 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning from a time unknown, and through on or about December 2006, there was an agreement between two or more persons to commit the crime of wire fraud as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership –an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have the full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins the existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a

conspiracy exists.

AUTHORITY: 9th Cir. Crim. Jury Instr. 8.20 Conspiracy – Elements (modified); A conspiracy to commit mail/wire fraud charged under 18 U.S.C. §1349 does not require proof of an overt act. *United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011).

GIVEN:_____          MODIFIED:_____

REFUSED:_____

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

### 8.23 Conspiracy – Knowledge of and Association With Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of the conspiracy without full knowledge of all of the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short time.

AUTHORITY:      9th Cir. Crim. Jury Instr. 8.23 Conspiracy – Knowledge of and Association with Other Conspirators.

GIVEN:_____

REFUSED:_____

MODIFIED:_____

1

2

3

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 6**

**8.25 Conspiracy – Liability for Substantive Offense Committed By Co-Conspirator**

**(*Pinkerton* Charge)**

4

5

6

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

7

8

9

Therefore, you may find the defendant guilty of Wire Fraud as charged in Counts 6 through 9 of the indictment if the government proved each of the following elements beyond a reasonable doubt:

10

11

First, another co-conspirator committed the crime of Wire Fraud as alleged in those counts (Counts 6 through 9);

12

13

Second, the person was a member of the conspiracy charged in Count 1 of the indictment.

14

15

Third, the person committed the crime of Wire Fraud in furtherance of the conspiracy; and

16

17

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts 6 through 9 were committed; and

18

19

20

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

21

22

AUTHORITY: 9th Cir. Crim. Jury Instr. 8.25 Conspiracy – Liability for Substantive Offense Committed By Co-Conspirator (*Pinkerton* Charge) (modified).

23

24

GIVEN:_____

25

REFUSED:_____

26

MODIFIED:_____

27

28

# GOVERNMENT'S SUGGESTED VERDICT FORM
## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America,                    )
                                             )   Case No. CR 11-794-RCC
    Plaintiff,           )
                                             )   VERDICT
      vs.        )
                                             )
Michael Quiroz,                              )
                                             )
    Defendant.           )
                                             )
_____ )

WE THE JURY FIND THE DEFENDANT, MICHAEL QUIROZ,

### COUNT ONE

_____, as charged in Count One of the Indictment charging Conspiracy to Commit Wire Fraud.

### COUNT SIX

_____, as charged in Count Six of the Indictment charging Wire Fraud on or about October 6, 2006 relating to the:

    Wire transfer of $1,277,230.34 for the financing of 5221 W. Rhyolite Loop Road.

### COUNT SEVEN

_____, as charged in Count Seven of the Indictment charging Wire Fraud on or about October 6, 2006 relating to the:

    Wire transfer of $343,057.16 for the financing of 5221 W. Rhyolite Loop Road.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT EIGHT

_____, as charged in Count Eight of the Indictment charging Wire Fraud on or about December 29, 2006 relating to the:

     Wire transfer of $515,344.39 for the financing of 13724 E. Cienega Creek.

COUNT NINE

_____, as charged in Count Nine of the Indictment charging Wire Fraud on or about December 29, 2006 relating to the:

     Wire transfer of $135,978.34 for the financing of 13724 E. Cienega Creek.

_____       _____

Signature of Foreperson                       Date