DLF | DAMIANAKOS LAW FIRM, PLLC
ATTORNEYS & COUNSELORS AT LAW

177 N. Church Ave., Suite 605
Tucson, Arizona 85701
Tel: (520) 222-8270
Fax: (520) 222-8274
Elias Damianakos, Esq.
Email: elias@damianakoslaw.com
State Bar No. 022850
Pima Attorney No. 66047

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR11-00794 TUC RCC (DTF) |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S PROPOSED JURY INSTRUCTIONS** |
| MICHAEL QUIROZ, | ) | |
| Defendant. | ) | Hon. Raner Collins |

Defendant Michael Quiroz, by and through undersigned counsel, respectfully submits the following proposed jury instructions to the jury for trial in this matter. The Defendant requests the following jury instructions be read to the jury in addition to the standard instructions from the Ninth Circuit Manual of Model Jury Instructions, Criminal, 2010 ed.

RESPECTFULLY SUBMITTED this 5th day of January, 2017.

DAMIANAKOS LAW FIRM, PLLC.

By: /s/ *ELIAS DAMIANAKOS*

Elias Damianakos
Attorney for Defendant

Copy delivered electronically this date to:

All ECF participants

**Requested Jury Instruction No. 1**

**GOOD FAITH IS A COMPLETE DEFENSE**

Good faith is a complete defense to the charges in the indictment since good faith on the part of the defendant is inconsistent with knowingly intending to defraud, which is an essential part of the charges. The defendant does not have the burden of proving he acted in good faith. The government must prove beyond a reasonable doubt that the defendant acted with the intent to defraud and did not act in good faith.

The United States must establish beyond a reasonable doubt that the defendant acted with specific intent to defraud as charged in the indictment. One who expresses an opinion honestly held by him or belief honestly entertained by him is not chargeable with fraudulent intent even though his opinion is erroneous or her belief is mistaken. And similarly, evidence which establishes only that the defendant made a mistake in judgment or an error in management or was careless does not establish fraudulent intent. In determining whether or not the defendant acted with an intent to defraud, you may consider whether or not the defendant had a good-faith belief in the truthfulness of representations made by him or a good-faith belief that his various uses of the money loaned was authorized.

While the term "good faith" has no precise definition, it means among other things a belief or opinion honestly held with an absence of malice or ill will and an absence of intention of taking unfair advantage of another.

SOURCE:

US v. Sayakhom, 186 F.3d 928, 940 (9th Cir. 1999).
United States v. Weiner, 578 F.2d 757 (9th Cir. 1978)
US v. Bush, 626 F.3d 527, 539 (9th Cir. 2010)
US v. Shipsey, 363 F.3d 962, 967 (9th Cir. 2004).

**Requested Jury Instruction No. 2**

**4.9 TESTIMONY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES—IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from [name of witness], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.


Comment:

The instruction to consider accomplice testimony with "greater caution" is appropriate regardless of whether the accomplice's testimony favors the defense or prosecution. United States v. Tirouda, 394 F.3d 683, 687-88 (9th Cir. 2005), cert. denied, 547 U.S. 1005 (2006). The Committee recommends giving this instruction whenever it is requested.

**Requested Jury Instruction No. 3**

**LENDING STANDARDS RELEVANT TO MATERIALITY**

The lending standards applied by the financial institutions that lent the money in this case are relevant to the question of materiality; that is, whether false statements had a natural tendency to influence, or were capable of influencing, a financial institution.

Source:

*See United States v. Maximov*, 2011 WL 4915162 (D.Ariz. 2011) ("because reliance and damages are not necessary elements of the crime, it is no defense to wire fraud or bank fraud that the victim of the fraud was negligent, gullible, or incompetent") (citing *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000) ("the susceptibility of the victim of the fraud, in this case a financial institution, is irrelevant to the analysis")); *United States v. Blixt*, 548 F.3d 882, 889 (9th Cir. 2008): Eleventh Circuit Pattern Jury Instruction 51 ("It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false"). Lender negligence instructions were delivered in *United States v. Sutherland*, 2:10-cr-00356-LDG; *United States v. Depue*, 2:10-cr-121-RLJ-RJJ (instruction 22); *United States v. Brandon*, 2:09-cr- 494-KJD-VCF (instruction 26).